IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Robert Henry Hawke, ) | Civil Action No.: 4:11-cv-00139-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Nance Livesay, *Assistant Solicitor*; Carol ) | |
| Allen, *Investigator Myrtle Beach Police* ) | |
| *Department*; State of South Carolina; Horry ) | |
| County South Carolina; City of Myrtle ) | |
| Beach South Carolina; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, proceeding *pro se*, brought this suit pursuant to 42 U.S.C. § 1983. Plaintiff is currently a pretrial detainee in the J. Reuben Long Detention Center, in Conway, South Carolina.

This matter is now before the court with the [Docket Entry 18] Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges[1] filed on April 6, 2011. In her R & R, the Magistrate Judge recommended that the court should dismiss Plaintiff's Complaint for failure to state a claim on which relief may be granted. *See* R & R at 3. Plaintiff timely filed objections to the R & R. *See* Obj. [Docket Entry 20].

**Background**

In his Complaint, Plaintiff alleges that false information was used to obtain a warrant for his arrest. He alleges that he has been defamed, falsely arrested, and has lost his job. For relief, Plaintiff requests monetary damages, that the charges against him be expunged, and that he receive a state-wide, "full apology."

---

[1] This matter was referred to Magistrate Judge Hodges pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.

### Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### Discussion

In the R & R, the Magistrate Judge determined that Plaintiff's "complaint is subject to dismissal for failure to state a claim on which relief may be granted." R & R at 3. Plaintiff objected to this recommendation. *See* Obj. at 1 ("I object to the dismissal of my case."). Upon review, the court agrees with the Magistrate Judge and dismisses the Complaint.

As the Magistrate Judge noted, the Complaint appears to allege "false arrest, or, in the alternative, malicious prosecution." R & R at 3. Plaintiff repeatedly indicates, in both his Complaint and Objections, that he was arrested pursuant to a warrant. However, under § 1983, "a public

2

official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) (citing *Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996)).  The Fourth Circuit recently reiterated that "a false arrest claim must fail where it is made pursuant to a facially valid warrant." *Dorn v. Town of Prosperity*, 375 F. App'x 284, 288 (4th Cir. 2010) (quoting *Medows v. City of Cayce*, No. 3:07-409, 2008 WL 2537131, at *3 (D.S.C. June 24, 2008) (quotations and citations omitted)).  Thus, because Plaintiff does not dispute that he was arrested pursuant to a facially valid warrant,[2] his false arrest claim must be dismissed.

To the extent Plaintiff alleges a malicious prosecution claim based on defects in the issuance of the arrest warrant or in the arrest warrant itself, this type of claim is typically construed as one for malicious prosecution. *See Brooks*, 85 F.3d at 182 ("[A]llegations that an arrest made pursuant to a warrant was not supported by probable cause . . . are analogous to the common-law tort of malicious prosecution."); *see also Dorn*, 375 F. App'x at 285-86.  However, Plaintiff's malicious prosecution claim similarly is subject to dismissal.  To state a § 1983 malicious prosecution claim, Plaintiff must show, at least, that "*defendant[s]* have 'seized [plaintiff] pursuant to legal process that was not supported by probable cause and that the criminal proceedings [have] terminated in [plaintiff's] favor.'" *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005) (quoting *Brooks*, 85 F.3d at 183-84).  Here, while Plaintiff repeatedly contends that the defendants relied on "false information" to obtain a warrant for his arrest, Plaintiff does not indicate that his criminal proceeding has terminated in his favor.  To the contrary, Plaintiff indicates in his Complaint and Objections that

---

[2] While Plaintiff does argue that the police used "false information to obtain [the] warrant," *see* Obj. at 1, he does not appear to challenge that "a warrant was . . . issued and that he was arrested pursuant to it." *Dorn*, 375 F. App'x at 286 (quoting *Medows*, 2008 WL 2537131, at *3).

he has been locked up for twenty-one (21) months and seeks "expungement of the alle[]ged charge(s)." Compl. [Docket Entry 1] at 5. Because Plaintiff is still incarcerated and his criminal proceeding has not terminated in his favor, his malicious prosecution claim, to the extent he asserts such a claim, should be dismissed.

Finally, the Magistrate Judge recommended that the court should decline to exercise supplemental jurisdiction over Plaintiff's state-law defamation claim. "[D]istrict courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because this Order dismisses all of Plaintiff's federal causes of action, and there does not appear to be diversity of citizenship, the court declines to exercise jurisdiction over Plaintiff's state defamation claim. The court notes that dismissal of this claim shall be *without prejudice*.[3]

## **Conclusion**

The court has thoroughly reviewed the entire record, including the R & R and Objections, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Plaintiff's objections and adopts and incorporates by reference the Magistrate Judge's R & R. Accordingly, it is therefore **ORDERED** that the complaint in the above-captioned case is **DISMISSED** *without prejudice* and without issuance and service of process.

---

[3] Plaintiff argues, in his Objections, that the defamation claim should not be dismissed because he has been "denied access to the South Carolina Code of Laws . . . [and] the South Carolina Constitution." Obj. at 2-3. First, to the extent Plaintiff is attempting to allege that his constitutional right of access to the courts has been violated, such a claim is without merit because Plaintiff is currently incarcerated in a city/county detention center as a pretrial detainee and he has not alleged "actual injury or specific harm" resulting from any lack of access. *See Magee v. Waters*, 810 F.2d 451, 452-53 (4th Cir. 1987). Second, the court notes that dismissal of his defamation claim will be *without prejudice* to his right to re-file the claim in the appropriate court. Accordingly, the court finds that dismissal of the state law claim is appropriate under § 1367(c)(3).

4

**IT IS SO ORDERED.**

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
April 15, 2011